**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ASHLEY MICHON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:13-0189** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Knowles** |
| **WESTERN EXPRESS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Demanded** |
| | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), the parties submit this Proposed Case Management Order for the initial case management conference scheduled for April 22, 2013.

1. **Status of Service of Process:** Service of process is complete.

2. **Status of Responsive Pleadings:** Defendant filed its answer to the Complaint on March 25, 2013.

3. **Jurisdiction:** The Court currently has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1367. Jurisdiction is not disputed. Venue is proper pursuant to 28 U.S.C. 1391(b). Venue is not disputed.

4. **Plaintiff's Theory of the Case:**

This is an employment discrimination case brought under the Equal Pay Act of 1961 ("EPA"), Tennessee common law, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et. seq. ("THRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff later plans to amend her Complaint to assert claims under Title VII of the Civil Rights Act of 1964 upon administrative exhaustion or the issuance of the Notice of Suit Rights.

Plaintiff was hired by Defendant as a "Truck Detailer" in July 2010. Her duties as a Truck Detailer were non-managerial, and primarily involved cleaning the interior of Defendant's trucks. Plaintiff was paid $12.00 per hour as a non-managerial Truck Detailer. Plaintiff was promoted several times from Truck Detailer, to Parts Associate, to Parts Manager. In spite of her promotions to management, Plaintiff continued to be paid as a truck detailer at $12.00 per hour upon discriminatory and unequal grounds. The male Parts Managers' all earned substantially more than Plaintiff. After complaining of her discriminatory and unequal pay disparity, Defendant and its representatives engaged in an extensive and obvious series of retaliatory acts that ultimately resulted in her May 2012 termination for discriminatory and retaliatory reasons.

Additionally, throughout Plaintiff's employment (even prior to being promoted to Management) Plaintiff was repeatedly required to work overtime without compensation in violation of the FLSA. As a result of Defendants conduct, Plaintiff has suffered substantial damages.

**Defendant's Theory of the Case:**

The Plaintiff was hired by Defendant as a truck detailer in 2010. Upon employment, Plaintiff was paid at a rate substantially higher than that of other truck detailers and other similarly-situated employees, all of which were male. Plaintiff was promoted to Parts Manager in 2011. Although Plaintiff did not receive a pay increase at that time due to her more favorable rate of pay, she was awarded a raise several months later. At no time was her rate of pay less than that of her similarly-situated male co-workers with commensurate experience and seniority. Plaintiff's gender was not a factor in her rate of pay or receipt of a pay increase.

Following her promotion and raise, Plaintiff began to have significant attendance and performance issues. As a member of management, Plaintiff was expected to demonstrate adequate performance and attendance. Plaintiff received a write-up for these issues and was counseled that failure to correct these problems would result in her termination. In May 2012, Plaintiff left during a monthly inventory, an essential function of her position as Parts Manager. As a result of her attendance and performance issues and her walking out on an essential job function, Plaintiff's employment was terminated. Plaintiff's gender was not a factor in the decision to terminate her employment.

**5. Identification of the Issues:**

    a. *Issues Resolved*: Service of process, jurisdiction and venue.

    b. *Issues that Remain Unresolved*: All other issues related to liability and damages are in dispute, and include:

        i. Whether Defendant violated Plaintiff's rights under Title VII (upon later amended Complaint);

        ii. Whether Defendant violated Plaintiff's rights under the THRA;

        iii. Whether Defendant violated Plaintiff's rights under the FLSA;

        iv. Whether Defendant violated Plaintiff's rights under the EPA;

        v. Whether Defendant violated common law rights;

        vi. The amount and types of damages any party is entitled to recover.

**6. Need for Additional Claims:**

At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, or class certification, or the need for resolution of any issues arising under

Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure, if appropriate.

The deadline for filing motions to amend the pleading is November 1, 2013.

**7. Initial Disclosures and Staging of Discovery:**

a. *Initial Disclosures*: All initial disclosures shall be made no later than  Friday, May 31, 2013.

b. *Discovery Deadline*: All discovery, including depositions of experts shall be completed no later than December 31, 2013. Any written discovery shall be served in time so that responses are due no later than  July 1, 2013.

c. *Discovery-Related Motions*: Any discovery-related motion shall be filed no later than January 7, 2014.

d. *Expert Disclosures*: Plaintiff will identify any expert witnesses and provide Defendant (not file with the Court) all of the information specified in Rule 26(a)(2)(B) by September 30, 2013.  Defendant's experts are due November 1, 2013.

e. *Third Party Subpoenas*: If there is discovery pursuant to Fed. R. Civ. P. 45, the parties agree to provide each other at least three (3) business days advance notice prior to issuing any subpoena.

f. *E-Discovery:* The default standard for conducting electronic discovery contained in Administrative Order No. 174 will apply to this case. Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of delivery of printouts or other physical copies.

**8. Dispositive Motions:**

Briefs shall not exceed 25 pages. Dispositive motions shall be filed no later than February 1, 2014. Responses to dispositive motions shall be due 30 days after the filing of the dispositive motion. Optional replies shall be due 15 days after the filing of the response.

**9. Pretrial Conference and Trial Date:**

A pretrial conference is set for June 27, 2014, at 10:00 a.m. The jury trial is set for July 8, 2014, at 9:00 a.m. before the Honorable John T. Nixon. The parties anticipate that the case will take three days to try.

It is so ORDERED.

Entered _____, 2013.

_____
Honorable Judge Knowles
United States Magistrate Judge