IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY MICHON, | ) |
| Plaintiff, | ) Case No. 3:13-0189 |
| v. | ) |
| | ) Magistrate Judge Knowles |
| WESTERN EXPRESS, INC. | ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff Ashley Michon ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Western Express, Inc. ("Defendant" or "Western Express").

## NATURE OF THE ACTION

1. Plaintiff initiated this action to redress violations by Defendant of a variety of Plaintiff's rights, including, the Equal Pay Act of 1961 ("EPA"), Title VII of the Civil Rights Act of 1964 (Title VII), Tennessee common law, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et. seq. ("THRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. 1331 and 1367 and this Court's pendant jurisdiction to redress the violations of state law. This Court has jurisdiction over the subject matter and the parties.

1

3. The unlawful employment practices alleged below were committed within the State of Tennessee, accordingly, venue is properly in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a citizen and resident of Davidson County, Tennessee, and former employee of Defendant.

5. Western Express is a truckload carrier and Tennessee Corporation with its principal place of business in Nashville Tennessee. Defendant may be served with process through its registered agent and counsel, Roland M. Lowell, Western Express, 7135 Centennial Place, Nashville, TN 37209-1033.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTS

7. Plaintiff began working for Defendant on or about July 19, 2010.

8. Plaintiff is a female.

9. Plaintiff was initially hired by Defendant as a "Truck Detailer" at a rate of $12.00 per hour. Truck Detailer is a non-managerial position and primarily involves manual labor tasks such as cleaning the interior of carrier trucks.

10. Male employees in similar non-managerial positions as Plaintiff were allowed to work overtime and paid overtime compensation during Plaintiff's tenure as a Truck Detailer. Additionally, Plaintiff was not given overtime pay for her hours over forty (40) in a pay week as a Truck Detailer. Plaintiff was denied opportunities for overtime and pay that

male employees were given by Defendant, and was denied pay for hours worked over forty (40) as a Truck Detailer.

11. Plaintiff was later promoted to a position as a "Parts Associate."

12. Plaintiff was promoted largely because she demonstrated proficiency in her assigned duties in previous position as a Detailer and had acquired additional knowledge and skills during her employment at Western Express. Defendant believed that Plaintiff's skills could be a beneficial addition to the Body Shop Parts Department.

13. Plaintiff's position as a Parts Associate was also non-managerial, but was considered a promotion from her job as a Truck Detailer. Her position as a Parts Associate involved handling and transporting parts and supplies within the Department (as well as other tasks). Nevertheless, as a Parts Associate, Plaintiff continued to make the same pay ($12.00 per hour) that she earned as a Truck Detailer.

14. Plaintiff was not given overtime pay for her hours over forty (40) in a pay week as a Parts Associate. Plaintiff was denied opportunities for overtime and pay that male employees were given by Defendant.

15. Again, Plaintiff was promoted by Defendant in October 2011 to the position of "Parts Manager."

16. Plaintiff was promoted to management largely because she demonstrated proficiency in her assigned duties in previous positions and had acquired additional knowledge and skills during her employment at Western Express. Defendant believed that Plaintiff's skills could be a beneficial addition to the Body Shop Parts Department management.

17. Plaintiff's duties as Parts Manager involved monitoring inventory, overseeing the distribution of parts and supplies, and supervising other employees in the Parts

Department. Again, in spite of promotion, Plaintiff's compensation as a Parts Manager remained at $12.00 per hour -- the same it had been at as a Truck Detailer.

18. Defendant employed several other Parts Managers. Plaintiff was the only female Parts Manager.

19. All parts managers, male and female, are expected to complete the following job functions. The primary responsibility of the parts manager is keeping an accurate inventory of parts and parts usage. Parts managers are responsible for ordering, organizing, and tracking parts and parts usage, including assigning parts to the mechanics and insuring that parts are applied to the proper repair orders. Parts managers also keep track of invoices and payments for parts.

20. All male Parts Managers during the time period in which Ms. Michon was a Parts Manager earned substantially more than Ms. Michon's $12.00 per hour rate.

21. Throughout her tenure as a Parts Manager and Parts Associate, Plaintiff made repeated inquiries, demands, complaints, and/or requests for a pay raise commensurate with her increased duties and responsibilities.

22. Plaintiff believed that the disparity between her pay and treatment was as a result of her gender or sex (female).

23. In February 2012, Plaintiff complained in an email to her manager and Director of Maintenance Erik Morrison, stating:

"I am a little confused. I have been basically running this body shop for a month now. I do parts as well as inventory every month [,] and on top of that make sure we are getting the emergent work and trade trucks out in a timely manner. Management wants changes around the shop and I have helped make them and make sure my guys here do what they are supposed to do. I was hired on July 19, 2010 at $12 an hour for detailer. I am still making $12 an hour and I do a whole lot more than that. I believe this job is worth more than what I am making. *There are guys at Western [Express] that do the same exact jobs that I do and are*

4

*making $3 more an hour than I do and maybe more than that. I don't think it's fair …*" (emphasis added).

24. Erik Morrison, a member of Defendant's Management, responded to Ms. Michon's email complaint by stating, "Ashley, I don't disagree with anything you've said. You've done a great job with the progression of your facility. You've taken on additional responsibility, and have stepped up to the plate. I am truly thankful for everything you've accomplished."

25. Following the email complaint and other incidents, Defendants treatment of Plaintiff took a nosedive and Defendant took several adverse actions against Plaintiff.

26. Defendant took a generally hostile disposition towards Plaintiff in daily interactions.

27. Plaintiff was issued an undeserved disciplinary Performance Counseling Report for absences and tardiness. The incidents cited as alleged tardiness and/or absences all occurred after February 2012 (the date the email was sent).

28. Despite having no previous written or verbal reprimands, Plaintiff was issued a "First and Final" Warning after delivery of the aforementioned email to Erik Morrison complaining of sex discrimination and unequal pay.

29. In May 2012, Ms. Michon made another complaint alleging discriminatory and unequal employment practices to Defendant's Management (Erik Morrison and Ron Leonard).

30. In response to Plaintiff's May 2012 complaint, Defendant's agents told fellow co-workers that her complaints of unequal treatment compelled them to fire a male co-worker.

31. Following her complaints of discrimination and unequal pay, Plaintiff was kicked out of her office by Defendant and replaced by a male co-worker with the support of Defendant's management.

32. Following her complaints, Plaintiff was terminated.

5

33. These asserted reasons for Plaintiff's termination are false and a pretext for discrimination and retaliation.

34. Defendant treated Plaintiff differently and less favorably in terms, conditions, privileges and benefits of employment than it treated other similarly situated male employees.

35. Defendant's conduct was willful and intentional, malicious, or reckless.

36. Defendant's decision to terminate and various other employment actions were retaliation for her complaints of unequal treatment, discrimination, and unequal pay.

37. As a result of Defendant's conduct, Plaintiff has lost income and other privileges and benefits of employment, has suffered embarrassment, humiliation, stress and anxiety, inconvenience, and loss of enjoyment of life, and has incurred attorney's fees and expenses.

## FIRST CAUSE OF ACTION – RETALIATION

38. Plaintiff adopts verbatim paragraphs 1-37 as though fully set out herein.

39. Plaintiff sues Defendant under THRA and Title VII for retaliation for complaining of discrimination and unequal treatment. Plaintiff sues Defendant for all remedies available under the THRA and Title VII, as well as any other legal and equitable relief that may be available.

40. Plaintiff is now suffering and will continue to suffer irreparable injury, monetary damages and damages for mental anguish and humiliation as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION – UNEQUAL PAY (Equal Pay Act)

41. Plaintiff adopts verbatim paragraphs 1-40 as though fully set out herein.

42. Based on the conduct described in this Complaint, Defendant is liable for violations of the Equal Pay Act.

43. Defendant's conduct constitutes reckless indifference to Plaintiff's federally protected rights to equal pay as male workers.

44. Defendant's conduct harmed and caused damage to Plaintiff.

### THIRD CAUSE OF ACTION – WAGE VIOLATIONS (FLSA)

45. Plaintiff adopts verbatim paragraphs 1-44 as though fully set out herein.

46. 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. Defendant has failed to pay Plaintiff for a multitude of hours of overtime compensation at one and one half her regular rate.

47. Defendant was aware of and accepted the benefit of the work Plaintiff performed without proper compensation. The defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

48. Western Express admits that, at one time, there was an error within its payroll system that incorrectly coded several employees as "exempt" and therefor ineligible for overtime. Although Plaintiff disputes the claim of inadvertent error, Ms. Michon was denied overtime compensation while she was a non-exempt employee eligible for overtime and was not paid overtime for all hours worked as an employee of Western Express.

49. No owed and unpaid compensation has never been remitted to Ms. Michon to date. Plaintiff requests compensation for her unlawfully denied wages, an equal amount as liquidated damages and all costs and attorneys' fees incurred in pursuing this action.

## FOURTH CAUSE OF ACTION – TENNESSEE COMMON LAW

50. Plaintiff adopts verbatim paragraphs 1-48 as though fully set out herein.

51. Based on the conduct described in this Complaint, Defendant is liable for unlawful termination in violation of the common law of Tennessee.

52. Defendant's conduct constitutes disregard and indifference to Plaintiffs' common law rights protected by the State of Tennessee.

53. Defendant's conduct harmed and caused damage to Plaintiff Ashley Michon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. Judgment and damages in amounts to be determined by the jury;
2. Back pay and damages for lost benefits;
3. Compensatory damages;
4. Front pay;
5. Punitive damages;
6. Liquidated damages;
7. Attorneys' fees and expenses;
8. Prejudgment interest and, if applicable, post-judgment interest; and
9. Such other and further legal or equitable relief to which they may be entitled.

## JURY TRIAL DEMAND

1. Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted,

/s/ Brian C. Winfrey_____
Brian C. Winfrey (BPR No. 025766)
The Winfrey Firm
Green Hills Office Park
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 724-0844

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on the 18th day of November, a copy of the foregoing has been furnished using the CM/ECF system and a notice of such electronic filing will be electronically mailed to Roland Lowell and Rachel Kingsbury of Western Express

Respectfully submitted,

The Winfrey Firm

/s/ Brian C. Winfrey
_____
Brian C. Winfrey
BPR#025766
2002 Richard Jones Rd., Suite 200-B
Nashville, Tennessee 37215
Attorney for Plaintiff Zakia Smith

9