IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ASHLEY MICHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 3:13-0189 |
| vs. | ) | JUDGE NIXON/KNOWLES |
| | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| WESTERN EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court upon two Motions for Sanctions filed by Plaintiff: (1) Plaintiff's "Motion for Sanctions Against Defendant's [*sic*] and Counsel Pursuant to 28 U.S.C. § 1927"; and (2) Plaintiff's "Motion for Sanctions Against Defendant's [*sic*] and Counsel Pursuant to Rule 11." Docket Nos. 37, 60. Plaintiff has filed supporting Memoranda (Docket Nos. 38, 61), while Defendant has filed Responses in Opposition to both Motions (Docket Nos. 47, 62).

According to her original Complaint:

> Plaintiff initiated this action to redress violations by Defendant of a variety of Plaintiff's rights, including, the Equal Pay Act of 1961 ("EPA"), Tennessee common law, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. ("THRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA) [*sic*]. Plaintiff will later amend, as asserted in Paragraph 3 below, to include claims under Title VII of the Civil Rights Act of 1964 ("Title VII").

Docket No. 1, p. 1.

Plaintiff's Complaint was filed March 5, 2013. On December 10, 2013, Plaintiff filed a document headed "Complaint," which was actually an Amended Complaint. Docket No. 26. The Amended Complaint stated in part:

> 46. . . . Defendant has failed to pay Plaintiff for a multitude of hours of overtime compensation at one-and-one-half her regular rate.
>
> . . .
>
> 48. [Defendant] admits that, at one time, there was an error within its payroll system that incorrectly coded several employees as "exempt" and therefor [sic] ineligible for overtime. Although Plaintiff disputes the claim of inadvertent error, [Plaintiff] was denied overtime compensation while she was a non-exempt employee eligible for overtime and was not paid overtime for all hours worked as an employee of [Defendant].
>
> 49. No owed and unpaid compensation has ever been remitted to [Plaintiff] to date.

Docket No. 26, p. 7.

The Motions at issue can be summarized as follows. Plaintiff essentially contends that Defendant continued to deny it owed Plaintiff overtime compensation even though Defendant admitted that she was indeed denied at least some overtime compensation. Plaintiff contends that this denial led to unnecessary expense to her and her counsel, as well as to the Court. Defendant responds that it admitted the referenced error even before Plaintiff filed the instant lawsuit, and that it has tried to pay Plaintiff what it believes is a reasonable amount for this error, *i.e.* approximately $98.94, but that Plaintiff has refused to accept it.

In her Motion regarding § 1927, Plaintiff seeks sanctions against Defendant and its counsel "for their unreasonable and vexatious multiplications of proceedings, leading to unnecessary expense to Plaintiff, to Plaintiff's Counsel, and the Court." Docket No. 37, p. 1.

In her Motion regarding Rule 11, Plaintiff seeks sanctions against Defendant and its counsel "for their unreasonable indifference to obvious facts and unfounded defenses and denials; leading to unnecessary expense to Plaintiff, Plaintiff's Counsel, and the Court." Docket No. 60, p. 1.

The factual bases set forth in the supporting Memoranda are essentially identical.[1] For purposes of the instant Motions, the key "Relevant Facts" relied upon by Plaintiff are as follows:

> Plaintiff filed a charge of discrimination with the EEOC in October 2012. (Ex. 2, EEOC Charge). The EEOC charge alleges discrimination, retaliation, and unequal pay. (Id.). On November 5, 2012, Defendant delivered the EEOC a formal response letter (Ex. 3, Nov. 5, 2012 Letter). The response letter admits:
>
> "At one time, there was an error within Western Express' payroll system that incorrectly coded several employees as 'exempt' and therefore ineligible for overtime. This coding error affected several other shop employees . . . In researching this complaint, *it appears that Ms. Michon worked 16.49 hours of overtime before this error was corrected for which she was not paid at a rate of time-and-a-half* . . . ."

Docket No. 38, p. 2 (emphasis added).

The foregoing quote from Defendant's response letter, as set out by Plaintiff, however, omits certain important language. The letter specifically states that the total amount of the overtime error with regard to Ms. Michon was $98.94. The paragraph quoted from the response letter also ends as follows: "Western Express is more than willing to compensate Ms. Michon for this amount which she is owed." Docket No. 38-1, p. 9. It is also important to note that the referenced response letter, according to Plaintiff herself, was delivered to the EEOC on November 5, 2012, approximately four months before Plaintiff filed the instant lawsuit. Thus, it

---

[1] For convenience, the Court will refer to the Memorandum in support of the § 1927 Motion, which was the first of the two instant Motions filed. Docket No. 38.

3

appears that Plaintiff was aware of Defendant's position that Defendant was willing to compensate Plaintiff for the $98.94 she was owed long before she filed her Complaint in this case.[2]

Plaintiff's Memorandum continues:

> In spite of its November 2012 admissions to the EEOC, Defendant repeatedly denied owing unpaid overtime wages throughout this litigation to Plaintiff in the Court. (Dkt. No. 1). Specifically, on March 24, 2013, Defendant denied owing Plaintiff unpaid overtime wages in its Answer (Dkt. No. 4 ¶¶ 10, 13, 41). On October 2, 2013, Defendant again denied owing Plaintiff any unpaid overtime in its responses to Plaintiff's request for admissions. Ex. 1, ¶ 8; (Easterday *Dep.*, p. 35). Plaintiff's Admissions requests specifically ask Defendant to "[p]lease admit that Defendant owes Ms. Michon premium overtime pay for deprived wages during her employment as a detailer." (Id. at ¶ 8). Defendant responded by stating, "Denied." (*Id*). On January 10, 2014, Defendant again denied owing Plaintiff any unpaid overtime in its Amended Answer to Plaintiff's First Amended Complaint. (Dkt. No. 27 ¶¶ 10, 14, 47).

Docket No. 38, p. 2-3.

Plaintiff further complains that, on February 19, 2014, Defendant presented Plaintiff a letter and a check for a little more than $100 "after nearly a year of contentious litigation, extensive discovery, and significant attorney's fees and expenses . . . ."[3] Docket No. 38, p. 3.

Defendant responds to both Motions by pointing out that this action involves much more

---

[2] Plaintiff states that the formal response letter was produced to her in late May 2013. It is unclear whether Plaintiff means that she was not aware of the response letter until May 2013, or whether she simply means that the letter was produced in May 2013, and that she may have been aware of it before that formal production. Curiously, Plaintiff never specifically states exactly when she learned of Defendant's position that there had been an error in the amount of $98.94.

[3] It is difficult to understand how Defendant's presenting Plaintiff a check for the amout it said it owed her can possibly give rise to any sanctions whatsoever.

4

than a simple overtime pay claim. Plaintiff's original Complaint raised claims under the Equal Pay Act, Tennessee Common Law, the Tennessee Human Rights Act, and the Fair Labor Standards Act. Plaintiff's Amended Complaint added a claim for violations of Title VII and retaliation.

Defendant states in relevant part:

> [Defendant], before Plaintiff filed suit, agreed to mediate and produced all of the backup information to calculate the overtime due Plaintiff as a result of a computer coding error. Plaintiff refused to reach an agreement and presented no demand or alternate calculation of overtime. Defendant requested Plaintiff to admit that [its] calculations were correct (See Request and Response to Admissions). Plaintiff objected but did not present any alternative calculation. Plaintiff admits that prior to commencement of any depositions being taken by Plaintiff, Defendant's counsel handed Plaintiff's counsel a check for overtime plus interest. Plaintiff's Motion, Docket No. 38, p. 3. Plaintiff's counsel has never provided any alternative calculation of overtime. Plaintiff's counsel never communicated with Defense counsel concerning calculations of overtime between tender of the check and prior to the filing of this Motion for sanctions.

Docket No. 47, p. 2.

Defendant's Response explains each of the four alleged erroneous denials that Plaintiff was entitled to overtime compensation. The Court will discuss each of Plaintiff's allegations below.

First, Plaintiff claims, "In spite of its November 2012 admissions to the EEOC, Defendant repeatedly denied owing unpaid overtime wages throughout this litigation to Plaintiff and the Court." Docket No. 38, p. 2. For this proposition, Plaintiff cites "Dkt. No. 1." Docket No. 38, p. 2. Docket No. 1, however, is Plaintiff's original Complaint. Plaintiff provides no specific citation to Docket No. 1, and the Court finds it very difficult to believe that Defendants

5

made any denials whatsoever in Plaintiff's Complaint.

Second, Plaintiff states, "Specifically, on March 24, 2013, Defendant denied owing Plaintiff unpaid overtime wages in its Answer." *Id.* For this proposition, Plaintiff cites Docket No. 4, paragraphs 10, 13, and 42. Paragraph 10 of Plaintiff's Complaint states:

> 10. Male employees in similar non-managerial positions as Plaintiff were allowed to work overtime and paid overtime compensation during Plaintiff's tenure as a Truck Detailer. Additionally, Plaintiff was not given overtime pay for her hours over forty (40) in a pay week as a Truck Detailer. Plaintiff was denied opportunities for overtime and pay that male employees were given by Defendant, and was denied pay for hours worked over forty (40) as a Truck Detailer.

Docket No. 1, p. 3.

Defendant denied the allegations of Paragraph 10 of the Complaint.

Paragraph 13 of the Complaint states:

> Plaintiff was not given overtime pay for her hours over forty (40) in a pay week as a Parts Associate. Plaintiff was denied opportunities for overtime and pay that male employees were given by Defendant.

Defendant denied the allegations of Paragraphs 10 and 13, because these paragraphs allege, or at least insinuate, that the denial of overtime was based on Plaintiff's gender. The Court believes this is a reasonable denial.

Paragraph 42 of the Complaint states:

> Defendant was aware of and accepted the benefit of the work Plaintiff performed without proper compensation. The defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

Docket No. 1, p. 7.
6

Defendant denied the allegations of this paragraph because it contended that any violations of the FLSA were not done in a willful and bad faith manner. Again, this position is reasonable.

Third, Plaintiff states, "On October 2, 2013, Defendant again denied owing Plaintiff any unpaid overtime in its responses to Plaintiff's Request for Admissions." Docket No. 38, p. 2. For this proposition, Plaintiff cites Ex. 1, ¶ 8 and "Easterday Dep." at p. 35. Paragraph 8 of the Request for Admissions states: "Please admit that Defendant owes Ms. Michon *premium* overtime pay for deprived wages during her employment as a detailer." Docket No. 38-1, ¶ 8 (emphasis added). Defendant denied this request.[4] Defendant explains that Plaintiff was not entitled to "premium overtime," and that "premium overtime" is not the same thing as "time and one-half overtime." Defendant states that premium overtime is overtime paid for working "special days," such as weekends or holidays, "sixth or seventh day" overtime, for excessive consecutive days worked, or hours over 40 paid at a rate, often higher than time and one-half agreed upon in an employment contract. Docket No. 47, p. 1. This explanation is reasonable.

Fourth, Plaintiff states, "On January 10, 2014, Defendant again denied owing Plaintiff any unpaid overtime in its Amended Answer to Plaintiff's First Amended Complaint." Docket No. 38, p. 2-3. For this proposition, Plaintiff cites Docket No. 27, ¶¶ 10, 14, 47. Paragraphs 10 and 14 have been discussed above.[5] Paragraph 47 of the Amended Complaint, which is identical to Paragraph 42 of the Complaint, states:

---

[4] The single page of the Easterday deposition Plaintiff has filed simply confirms the request and the answer. Docket No. 38-2, p. 16.

[5] Paragraph 10 of the Complaint is identical to Paragraph 10 of the Amended Complaint. Paragraph 13 of the Complaint is identical to Paragraph 14 of the Amended Complaint.

7

> 47. Defendant was aware of and accepted the benefit of the work
> Plaintiff performed without proper compensation. The defendant's
> violations of the FLSA as alleged herein have been done in a
> willful and bad faith manner.

Docket No. 38, p. 2-3.

Defendant denied the allegations of Paragraph 47, again taking the position that it had not denied Plaintiff proper compensation in a willful and bad faith manner. Once again, this position is reasonable.

In view of the foregoing, it is unnecessary for the Court to discuss in detail the requirements for assessing sanctions under either Rule 11 or § 1927. It seems clear to the Court that Defendant has done nothing improper. As Defendant states:

> Throughout this litigation, [Defendant] has maintained that it did
> not discriminate or retaliate against Plaintiff in any of the terms or
> conditions of her employment, based on her gender or for any other
> reason. Plaintiff's motion incorrectly categorizes [Defendant's]
> vehement denials of discrimination as denials of liability for the
> portion of overtime hours, which [Defendant] calculated <u>before
> litigation</u> was ever started and had offered to pay.

Docket No. 47, p. 3 (underlining in original).

As Defendant correctly argues, the $98.94 is a small part of the total lawsuit Plaintiff has filed. Plaintiff makes no attempt to show how any of the denials Defendant made with regard to overtime compensation resulted in additional costs or actions that Plaintiff would not have incurred anyway.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court
> of the United States or any Territory thereof who so multiplies the
> proceedings in any case unreasonably and vexatiously may be
> required by the court to satisfy personally the excess costs,

8

>expenses, and attorneys' fees *reasonably incurred because of such conduct.*

(Emphasis added.)

Plaintiff has made no attempt to show what "excess costs," if any, were "reasonably incurred" because of the conduct of Defendant's attorney.[6] Plaintiff has not shown that Defendant's counsel has unreasonably and vexatiously multiplied the proceedings in this case.

Additionally, the test for the imposition of Rule 11 sanctions in the Sixth Circuit is "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L&J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). For the reasons discussed above, the actions of Defendant's counsel were reasonable under the circumstances.

Therefore, the instant Motions (Docket Nos. 37, 60) are DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

[6] The first paragraph of Plaintiff's Motion pursuant to § 1927 seeks sanctions only against "Defendant's Counsel." Docket No. 37. The second paragraph, however, seeks sanctions "against Defendant's [*sic*] and its Counsel . . . ." *Id.* There is no question, however, that Defendant itself cannot be sanctioned under § 1927. *See* **Moore's Federal Practice 3d** § 11.40, p. 11-88 ("Clients may not be subjected to sanctions under Section 1927.").