IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY MICHON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) CASE NO. 3:13-0189 ) JUDGE NIXON/KNOWLES ) ) JURY DEMANDED ) |
| WESTERN EXPRESS, INC., | ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Defendant's "Amended Motion to Compel Production of Previously Requested Medical Discovery and to Extend Deadlines for Defendant's Discovery of Plaintiff's Medical Records." Docket No. 49. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 51. Defendant has filed a Reply.[1] Docket No. 53.

The Court notes that Defendant has previously filed a Motion to Compel Production of the same material. Docket No. 43. Plaintiff responded to that Motion in part by arguing that Defendant had failed to comply with Local Rule 37.01 because Defendant had not filed "a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so." Docket No. 45. Thereafter, Defendant filed the instant Amended Motion to Compel, apparently

---

[1] Plaintiff has filed a Motion to Strike Defendant's Reply on grounds that it was filed without leave of Court. Docket No. 54. The Motion to Strike has been addressed in a separate Order.

to add the sentence, "Defense counsel has, pursuant to Local Rule 37.01, conferred with Plaintiff's counsel in a good faith effort to resolve by agreement the issue raised and counsel has not been able to resolve this issue." Docket No. 49.

According to the Motion, Defendant seeks to compel "identification of medical providers and the production of medical records by Plaintiff and to extend the deadlines afforded Defendant for discovery of Plaintiff's medical records." Docket No. 49, p. 1. Defendant further requests that the discovery Motion deadline be extended for the limited purpose of allowing it to file the Amended Motion to Compel. Defendant also seeks sanctions of attorneys fees and expenses for the filing of the Amended Motion.

Plaintiff responds that the Amended Motion to Compel does not comply with Local Rule 37.01 because the communications between Plaintiff's counsel and Defendant's counsel occurred after the filing of the initial Motion to Compel, and that the Court should "not be fooled by these smoke and mirrors." Plaintiff further argues that it has provided a signed medical release to Defendant, and that both the original Motion and the Amended Motion were filed after the deadline for discovery related Motions, which was March 10, 2014, as set forth in the latest Scheduling Order (Docket No. 24).

In its Reply, Defendant argues in part that its failure to meet the March 10 deadline for filing discovery-related Motions and the February 28 deadline for all discovery, "is due in large measure to [its] reliance on Plaintiff's repeated assurance of compliance with production of the medical records sought." Docket No. 53, p. 2.

It appears that Defendant, in the Amended Motion, has complied with Local Rule 37.01(b)(3), which is the Local Rule that requires the certification statement. Defendant,

2

however, has failed to comply with Local Rule 37.01(a), which provides as follows:

> Joint Written Statement. Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issue shall be attached to any discovery motion.

Additionally, Defendant has failed to comply with Local Rule 37.01(b)(1) and (2), which provide in relevant part:

> (b)(1) A party moving to compel under Rule 37(a)(2) of the Federal Rules of Civil Procedure . . . shall file only that portion of the deposition, interrogatory, request for documents or request for admissions that are objected to.
>
> (2) Motions to compel discovery in accordance with Rules 30, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure shall:
>
>> (a) Quote verbatim each deposition question, interrogatory, request for admission, or request for production to which objection has been taken;
>>
>> (b) Include the response and the grounds assigned for the objection (if not apparent from the objection); and
>>
>> Include the reasons assigned as supporting the motion. The reasons for each objection shall be written immediately following the objection. Such objections and grounds shall be addressed to the specific deposition question, interrogatory, request for admission, or request for production and may not be made generally.

Defendant has essentially made a general argument that Plaintiff failed to comply with certain discovery requests. Defendant has not, however, addressed its argument to specific requests for production of documents.

Defendant has filed a Memorandum in support of its Amended Motion accompanied by

3

15 separate Exhibits. Docket No. 50. Some of the Exhibits include Defendant's initial written discovery to Plaintiff, a second discovery request to Plaintiff, and a third discovery request to Plaintiff. Defendant has not, however, supplied Plaintiff's written Responses to some of the discovery at issue.[2]

One Court has stated:

> This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without the intervention of the Court. Thus, the requirement of the certificate cannot be satisfied by including with the Motion copies of correspondence that discuss the discovery at issue. Rather, both attorneys must certify that they have conferred on the discovery issues in an attempt to resolve them. The Court is unwilling to decipher letters between counsel to conclude that the requirement has been met.

*Ross v. Citifinancial, Inc.*, 203 FRD 239, 240 (S.D. Miss. 2001).

Defendant further states that, throughout the course of attempting to obtain discovery from Plaintiff, it "refrained from filing motions with the court on this matter . . . ." Docket No. 50, p. 4. It appears that Defendant has been attempting to obtain the medical information it seeks since November 25, 2013, when it served is second set of requests for production. Docket No. 50, p. 2. Defendant states, "On January 2, 2014, having received no responses to its second requests, [Defendant] served on Plaintiff a third and final request for production of documents."

While the Court certainly appreciates Defendant's efforts to avoid burdening the Court,

---

[2] Defendant has submitted a separate Exhibit headed "Plaintiff's Responses to Defendant's Supplemental Interrogatories Propounded to Plaintiff Ashley Michon." Docket No. 50-10. This Response, however, relates to Plaintiff's cell phones, and has nothing to do with medical discovery.

4

sometimes it becomes necessary for counsel to file a Motion to Compel. Defendant complains that Plaintiff has essentially strung it along, promising that she would provide the discovery at issue, but never quite doing so. Defendant, however, had remedies under the Federal Rules of Civil Procedure, but it chose not to use those remedies.

For the foregoing reasons, the instant Amended Motion to Compel Production of Previously Requested Medical Discovery and to Extend Deadlines for Defendant's Discovery of Plaintiff's Medical Records (Docket No. 49) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge