IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ASHLEY MICHON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-cv-00189 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Knowles |
| WESTERN EXPRESS, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Ashley Michon's Motion for Partial Summary Judgment on Defendant's Liability for Plaintiff's Unpaid Overtime Wages ("Motion"). (Doc. No. 39.) Defendant Western Express filed a Response disputing part of Plaintiff's Motion (Doc. No. 55), to which Plaintiff filed a Reply (Doc. No. 59). For the reasons stated below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Also pending before the Court is Plaintiff's request for leave to file her Reply (Doc. No. 59), which is hereby **GRANTED**.

I. BACKGROUND

*A. Factual History*[1]

Plaintiff Ashley Michon was employed by Defendant Western Express, Inc., from approximately July 2010 to May 2012 as a truck detailer. Plaintiff's duties involved cleaning and manual labor, and her position was considered non-managerial and non-exempt for the purposes of the Fair Labor Standards Act ("FLSA").

From the time of her hire to March 2012, Plaintiff was an hourly employee and earned $12.00 per hour. Defendant's payroll records show that Plaintiff worked more than forty hours

---

[1] Unless otherwise indicated, the facts in this section are undisputed and taken from Defendant's Response to Plaintiff's Statement of Undisputed Facts (Doc. No. 56) and Plaintiff's Response to Defendant's Statement of Additional Undisputed Facts (Doc. No. 58).

1

per week for multiple weeks. These same payroll records indicate that Plaintiff was not paid one and one-half of her regular hourly rate for the hours she worked beyond forty per week.

Defendant contends that this failure to pay Plaintiff overtime wages was due to a payroll coding error that was corrected in October 2011. Defendant admits that the error in its payroll system incorrectly coded several employees as "exempt" and therefore ineligible for overtime pay, and that it was aware that it owed Plaintiff unpaid overtime wages since at least November 2012. Defendant also states that, due to this error, Plaintiff was deprived of overtime pay for 16.49 hours of work performed in excess of forty hours per week. Plaintiff argues she worked more than 16.49 overtime hours for which Defendant failed to pay her overtime wages.

The parties dispute how many times Defendant offered to pay Plaintiff for 16.49 hours of unpaid overtime work; however, they agree that on February 19, 2014, Defendant presented Plaintiff with a check for $133.18, allegedly for "overtime that wasn't paid, plus interest." Plaintiff did not accept the check, and continues to dispute the amount of overtime wages she is due.

*B. Procedural History*

Plaintiff filed this action against Defendant on March 5, 2013, bringing—among other claims—a claim for violations of the FLSA's overtime compensation provision, 29 U.S.C. § 207(a)(1), including allegations that the violations were willful and that Defendant acted in bad faith. (Doc. No. 1 ¶¶ 41–43.) Plaintiff subsequently filed an Amended Complaint, which added to her FLSA claim allegations that Defendant admitted that it incorrectly classified Plaintiff as "exempt," but did not alter the requested relief. (*Compare id. with* Doc. No. 26 ¶¶ 46–49.) Plaintiff requests the Court grant her backpay for the overtime hours for which she was not

properly compensated, liquidated damages, and attorney's fees pursuant to 29 U.S.C. § 216(b). (*Id.* at 7–8.)

Plaintiff filed her Motion for Partial Summary Judgment on April 1, 2014 (Doc. No. 39), with a Memorandum in Support (Doc. No. 40), a Statement of Undisputed Facts (Doc. No. 42-1), and several exhibits (Doc. Nos. 41-2 to 41-3). Defendant filed a Response on April 18, 2014 (Doc. No. 55), with a Response to Plaintiff's Statement of Undisputed Facts (Doc. No. 56), a Statement of Additional Undisputed Facts (Doc. No. 57), and two exhibits (Doc. Nos. 55-1 to 55-2). Plaintiff filed a Reply on April 25, 2014 (Doc. No. 59), with a Response to Defendant's Statement of Additional Undisputed Facts (Doc. No. 58), and additional exhibits (Doc. Nos. 59-1 to 59-7).

## II. LEGAL STANDARD

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, "where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984). Summary judgment will be granted if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). The movant has the initial burden of informing the district court of the basis of the summary

3

judgment motion and identifying portions of the record which lack a genuine issue of material fact to support the non-movant's case. *See Celotex*, 477 U.S. at 323.

The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See id.* at 324. A "'mere possibility' of a factual dispute is not sufficient" to withstand a properly supported motion for summary judgment. *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328, 330 (6th Cir. 2004) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). A dispute about a material fact is genuine if a reasonable fact finder could find for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A party asserting or denying that a fact is genuinely disputed may support its position by (1) citing to particular parts of materials in the record, (2) showing that the materials cited by the opposing party do not establish the absence or presence of a genuine dispute, or (3) showing that an adverse party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1).

While the non-moving party must set forth specific facts showing there is a genuine issue for trial, all reasonable inferences are to be drawn in favor of the non-moving party and the evidence of the non-movant is to be believed. *Anderson*, 477 U.S. at 248, 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment." *Id.* at 255. If the court determines that a reasonable fact finder could not find for the non-moving party, summary judgment must be granted. *See Lexington-South Elkhorn Water Dist.*, 93 F.3d at 233.

### III. ANALYSIS

In her Motion, Plaintiff argues the Court should grant her summary judgment with respect to three aspects of her FLSA claim: (1) Defendant's liability for violating the overtime

compensation provision of FLSA; (2) liquidated damages because Defendant cannot prove it acted in good faith when it violated the FLSA; and (3) Defendant's conduct as amounting to a willful violation of the FLSA. (Doc. No. 40 at 4–9.) Defendant does not appear to refute Plaintiff's request for summary judgment on liability or willful conduct, but does argue that the Court should find Plaintiff is not entitled to liquidated damages and further requests the Court fix the amount of overtime backpay Plaintiff is due and limit Plaintiff to nominal attorney's fees for her FLSA claim. (Doc. No. 55 at 2–5.) The Court first analyzes Plaintiff's claims in turn and then discusses Defendant's ancillary requests.

*A. Liability for Violation of the FLSA*

With few exceptions, the FLSA requires employers to compensate employees who work "longer than forty hours" per workweek "at a rate not less than one and one-half times the regular rate" of pay for "employment in excess of the [forty hours]." 29 U.S.C. § 207(a)(1) (2012).

In this case, the parties do not dispute that Plaintiff should not have been classified as exempt from the FLSA's overtime compensation provision. (Doc. No. 56 ¶¶ 2, 10, 18–20.) In addition, Plaintiff has filed copies of several pay stubs she received while working for Defendant that indicate she worked over forty hours per pay period, and was compensated only at a flat rate of $12.00 per hour. (Doc. No. 41-2 at 4–13.) Although it is not clear from these records whether the pay periods reflected were weekly, because Defendant has admitted that Plaintiff worked overtime hours for which she was not properly compensated, and in fact has attempted to compensate Plaintiff for unpaid overtime worked, the Court finds Defendant is liable for violating the FLSA, and Plaintiff's Motion is **GRANTED** as to liability for Count Three of Plaintiff's Amended Complaint (Doc. No. 26 ¶¶ 46–49).

*B. Liquidated Damages*

An employer who violates 29 U.S.C. § 207 "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (2012). These liquidated damages are "compensation, not a penalty or punishment," *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (internal quotation marks omitted), and are considered "the norm and have even been referred to as '*mandatory.*'" *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004) ("*Mich. Power*") (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991) ("*Cooper Elec.*").

However, a court has discretion not to award a prevailing plaintiff liquidated damages or to award a reduced amount "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. This affirmative defense imposes a "substantial" burden on the employer and requires the employer to prove that the FLSA violation "'was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict.'" *Elwell*, 276 F.3d at 840 (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)) (brackets omitted).

To establish subjective good faith, the employer "must show that it took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions." *Mich. Power*, 381 F.3d at 584; *see also Cooper Elec.*, 940 F.2d at 907 (emphasis omitted) (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982) ("The good faith requirement is a subjective one that requires that the employer have an honest intention to ascertain and follow the dictates of the

[FLSA]"); *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529 (10th Cir. 1991); *Hultgren v. Cnty. Of Lancaster, Neb.*, 913 F.2d 498, 509 (8th Cir. 1990). An employer who negligently fails to meet its affirmative duty to ascertain and meet the FLSA's requirements "is not acting in good faith." *Id.* The Sixth Circuit has held that an employer's failure to ascertain adequate information about an employee's duties to properly classify the employee is not good faith, *Mich. Power*, 381 F.3d at 584, nor is ignorance of the law, *Solis*, 345 F. App'x at 39.

By contrast, "whether an employer had reasonable grounds to believe that its conduct did not violate the Act is decided under an objective standard." *Solis v. Min Fang Yang*, 345 F. App'x 35, 39 (6th Cir. 2009); *see also Cooper Elec.*, 940 F.2d at 907–08. An employer may reasonably rely on advice of counsel as to whether an employment agreement violates the FLSA, even where the agreement is substantively found to be violative. *See Featsent v. City of Youngstown*, 70 F.3d 900, 906–07 (6th Cir. 1995) (employer was entitled to a reasonable belief in FLSA compliance where the attorney present during collective bargaining did not indicate that overtime calculations violated the law). However, language difficulties and cultural practices do not demonstrate objectively reasonable grounds for an employer to believe it is in compliance, *Reich v. Lapatisserie, Inc.*, 19 F.3d 1434, at *2 (6th Cir. Mar. 25, 1994); *Solis*, 345 F. App'x at 39, as "'[a] good heart but an empty head does not produce a defense' against liquidated damages," *id.* (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986)).

Here, Plaintiff argues that liquidated damages are appropriate because Defendant had an affirmative duty to ascertain and comply with the FLSA's overtime compensation provisions and failed to do so without sufficient justification. (Doc. No. 40 at 7.) Specifically, Plaintiff contends that Defendant could not have reasonably believed that Plaintiff was an exempt

7

employee, particularly in light of the fact that Defendant employs in-house counsel it could have consulted. (*Id.*) Defendant responds that the violation was caused by an inadvertent coding error in its payroll system that misclassified some non-exempt employees as exempt. (Doc. No. 55 at 2.) Defendant argues that it relied on the payroll software in good faith and that this reliance was reasonable, citing a sworn affidavit of Defendant's executive vice-president, Clarence C. Easterday (Doc. No. 55-2). (Doc. No. 55 at 2–3.)

The Court finds additional factual development is necessary to determine whether Defendant's stated basis for violating the FLSA was subjectively committed in good faith and objectively reasonable. Therefore, the Court cannot appropriately determine whether to exercise its discretion to reduce or eliminate liquidated damages at this point in the litigation.

First, viewing the evidence in the light most favorable to Defendant, the Court finds a trier of fact could determine that Defendant acted in good faith and with reasonable grounds for believing it did not violate the FLSA. Even prior to learning of the alleged payroll coding error, Defendant had ascertained and applied the requirements of the FLSA to its other employees who held non-exempt positions similar to Plaintiff's as, according to Plaintiff's allegations, Defendant paid other employees in similar positions overtime compensation for hours worked over forty per week (Doc. No. 26 ¶ 10). In addition, in a letter to the Equal Employment Opportunity Office ("EEOC") dated November 5, 2012, Mr. Easterday represented that Defendant corrected the payroll coding error immediately upon discovering it, that it had determined Plaintiff was owed backpay for 16.49 hours of overtime worked, and that it was willing to pay Plaintiff for those hours. (Doc. No. 41-3 at 9.)

In support of her claim that Defendant did not act in good faith, Plaintiff argues that "Western Express repeatedly denied owing Ms. Michon any wages in multiple Answers and

Admissions request [sic] throughout this litigation," citing paragraphs from her Statement of Undisputed Facts (Doc. No. 56). (Doc. No. 40 at 8.) However, Defendant's responses to Plaintiff's Statement of Undisputed facts highlight evidence that Defendant did admit—both prior to the initiation of this case and over the course of this litigation—including that Plaintiff was owed unpaid overtime wages and that Defendant's dispute was with Plaintiff's use of the term "premium overtime" and her allegation that she was not paid overtime because of her gender. (Doc. No. 56 ¶¶ 13–19.) Accordingly, the Court finds Plaintiff's assertion that Defendant has "repeatedly denied" that it owes Plaintiff overtime wages to be unsupported by the record.

However, the Court cannot determine whether a trier of fact could conclude that Defendant's understanding of its obligation to pay overtime under the FLSA was objectively reasonable. Although Defendant did employ in-house counsel at the time the FLSA violations occurred, the record does not reveal whether Defendant consulted with counsel as to this matter. *See Featsent*, 70 F.3d 900 at 906–07. Moreover, neither party has provided any evidence of how long Defendant was operating its payroll with the alleged coding error, or whether Defendant was negligent in failing to discover the error sooner. Accordingly, the factual record is too sparse at this point for the Court to determine, as a matter of law, whether Defendant acted in good faith and with reasonable grounds for believing its conduct did not violate the FLSA, and Plaintiff's request for summary judgment as to liquidated damages is therefore **DENIED**.

C. *Willfulness of Defendant's FLSA Violation*

Actions for violations of the FLSA overtime compensation provision are generally subject to a two-year statute of limitations from when the time the cause of action accrued. 29 U.S.C. § 255(a) (2012). However, if the cause of action arises from a willful violation of the

FLSA, the plaintiff may file suit up to three years from the violation. *Id.* To prove an employer's conduct was willful, a plaintiff must show "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)). "Reckless disregard of the requirements of the [FLSA] means failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]," and "[a]ll of the facts and circumstances surrounding the violation are taken into account in determining whether a violation was willful." 5 C.F.R. § 551.104 (2014). "[M]ere negligence by the employer is not sufficient to permit a finding of willfulness." *Elwell*, 276 F.3d at 841 n.5 (citing *McLaughlin*, 486 U.S. at 133.

Plaintiff contends that whether Defendant's failure to pay Plaintiff overtime wages was intentional or inadvertent mistake, the Court should find Defendant acted willfully because "[e]mployers like Western Express have an affirmative duty to ascertain and meet the provisions of the FLSA overtime provisions." (Doc. No. 40 at 7.) Although Defendant wholly fails to address the issue of willfulness, the Court finds Plaintiff's argument is foreclosed by *McLaughlin*, as allowing a finding of willfulness based on an inadvertent mistake would "permit a finding of willfulness to be based on nothing more than negligence, or, perhaps, on a completely good-faith but incorrect assumption that a pay plan complied with the FLSA . . . [which] fails to give effect to the plain language of the statute of limitations." 486 U.S. at 135.

As a question of fact exists as to whether Defendant acted in good faith in failing to detect the alleged coding error in its payroll software and thus summary judgment is not appropriate, the Court is bound to deny summary judgment as to whether Defendant's actions met the lower standard of being knowing or reckless so as to permit Plaintiff a three-year statute

of limitations. Should the facts reveal that Defendant acted in good faith and reasonably so as to limit its liability for liquidated damages, the finder of fact would necessarily be foreclosed from finding Defendant's actions were knowing or reckless. Accordingly, with respect to Plaintiff's request for a finding of willfulness as a matter of law, Plaintiff's Motion is **DENIED**.

> *D. Defendant's Requests for a Determination of the Amount of Overtime Wages Due and to Limit Plaintiff to Nominal Attorney's Fees*

Defendant argues that the Court should fix the amount of overtime wages owed to Plaintiff at $98.94 because it argues that the amount is "uncontroverted as a matter of law" as Plaintiff has not offered an alternative calculation. (Doc. No. 55 at 2.) Defendant's premise, that Plaintiff's failure to provide an alternative figure is the equivalent of Defendant's own figure being uncontroverted, is flawed. In her Motion, Plaintiff specifically states that the amount of overtime wages Defendant has offered to remit is insufficient, and she disputes the accuracy of Defendant's calculation of the number of overtime hours worked for which she did not receive overtime compensation. (Doc. No. 40 at 3.) Additionally, Defendant cites no authority for its request that the Court decide an issue of fact on summary judgment that was not raised in the original Motion. As Plaintiff does not raise the issue of damages in her Motion and Defendant has provided no authority for the Court to consider it, the Court finds no reason to address it here.

In addition, although Plaintiff does not mention attorney's fees in her Motion, Defendant devotes a substantial portion of its Response to arguing that the Court award Plaintiff no more than nominal attorney's fees with regard to Plaintiff's FLSA claim based on Plaintiff's repeated refusals to settle the issue of unpaid overtime. (Doc. No. 55 at 3–4.) Defendant again cites no legal basis for requesting the Court rule on attorney's fees at this point in the litigation.

Neither issue raised by Defendant in its Response to Plaintiff's Motion is properly before the Court at this time. Defendant was free to file its own motion for summary judgment within the dispositive motions deadline in this case, yet it failed to do so. The Court will not permit Defendant to shoehorn issues into a response that were not raised in the initial motion for summary judgment and thus are not reviewable by the Court at this stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 39) is **GRANTED** insofar as the Court finds Defendant liable for violating 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff overtime wages for hours worked in excess of forty per week and **DENIED** on all other grounds. Plaintiff's request for leave to file her Reply (Doc. No. 59) is **GRANTED**.

It is so ORDERED.

Entered this 6th day of August, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT