IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY MICHON, | ) |
| | ) |
| Plaintiff, | )  No. 3:13-cv-00189 |
| | ) |
| v. | )  Judge Nixon |
| | )  Magistrate Judge Knowles |
| WESTERN EXPRESS, INC., | )  JURY DEMAND |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Western Express, Inc.'s Motion to Set Attorney's Fees Related to Plaintiff's FLSA Cause of Action ("Motion") (Doc. No. 69), along with a Memorandum in Support (Doc. No. 70) and an exhibit (Doc. No. 70-1). Defendant requests the Court fix limited damages and attorney's fees for Plaintiff Ashley Michon's FLSA claim because there is no genuine issue of material fact regarding this claim. (Doc. No. 70 at 1.)

Subsequent to Defendant filing the Motion, the Court issued an order granting in part a motion for summary judgment filed by Plaintiff, specifically finding that genuine issues of material fact exist with respect to multiple aspects of Plaintiff's FLSA claim. (Doc. No. 72 at 6–11.) In addition, the Court denied a similar request by Defendant to limit Plaintiff to a nominal attorney's fees award with respect to her FLSA claim because the request was not properly before the Court as Plaintiff had not raised the issue of attorney's fees in her motion for summary judgment and Defendant had failed to file its own motion within the dispositive motions deadline. (*Id.* at 11–12.)

Upon consideration of the Motion, the Court finds that its earlier determination—that a genuine issue of material fact still exists with respect to Plaintiff's FLSA claim—precludes

1

Defendant from obtaining the relief it seeks in its Motion. Accordingly, the Motion (Doc. No. 69) is **DENIED**.

It is so ORDERED.

Entered this ___17___ day of August, 2014.

                                                      JOHN T. NIXON, SENIOR JUDGE
                                                    UNITED STATES DISTRICT COURT